# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

PEDRO ZENDEJAS,

Defendants.

Case No.

ED19-0355M

**ORIGINAL**

FILED
CLERK, U.S. DISTRICT COURT

JUL - 8 2019

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

2019 JUL -8 AM 10:34  LODGED

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about July 6, 2019, in the County of Riverside in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C., Sections 922(g) and 922(g)(1) | Prohibited Person in Possession of a Firearm and Possession of Firearm by Felon |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
Complainant's signature

Nelson Benavidez, Law Enforcement Ranger
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 8, 2019

_____
Judge's signature

Hon. Sheri Pym, U.S. Magistrate Judge
*Printed name and title*

City and state: Riverside, California

AUSA: Douglas Hansen/GH

**AFFIDAVIT**

I, NELSON BENAVIDEZ, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against PEDRO ZENDEJAS ("ZENDEJAS") and MIGUEL SOTO-NAVA ("SOTO-NAVA") for violations of 18 U.S.C. § 922(g): Prohibited Person in Possession of a Firearm. The proposed complaint charges ZENDJAS with violation of 18 U.S.C. § 922(g)(1): Possession of Firearm by Felon, and SOTO NAVA with violation of 18 U.S.C. § 922(g)(5)(A): Possession of Firearm by Illegal Alien.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF NELSON BENAVIDEZ

3. I am a law enforcement Ranger for the Bureau of Land Management (BLM). I have worked in law enforcement for over 8 years. I am currently assigned to the Barstow Field Office in San Bernardino County California. I am a graduate of the Department of the Interior Land Management Police Training at

the Federal Law Enforcement Training Center. I served in the United Stated Army for over 10 years. I graduated from Basic Combat Training (BCT). In BCT I was trained to identify several types of firearms. I graduated from the U.S. Army Military Police School. I worked for the Department of Defense as a police officer for over 5 years.

4. In 2018, I received training from the California Department of Justice in basic firearms recognitions and firearm laws. This training was provided in BLM's annual law enforcement training.

### III. SUMMARY OF PROBABLE CAUSE

5. On July 6, 2019, ZENDEJAS was observed shooting firearms in an area where shooting was prohibited due to the fire restriction. Additionally, only shotguns were allowed to be used in this area. ZENDEJAS is a convicted felon. He was detained. Nine firearms were located at the scene. Two of the firearms were identified as stolen. The firearms traveled in interstate commerce.

### IV. STATEMENT OF PROBABLE CAUSE

6. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

A. **DETECTION AND ARRESTS**

7. On July 6, 2019, I was patrolling public lands in the Stoddard Valley off-highway area in a marked BLM law enforcement vehicle. I was wearing a BLM law enforcement uniform. I was using my binoculars to observe a group in an area known for

2

unlawful recreational shooting and unlawful trash dumping.  The group was shooting at targets towards the east.  Shooting towards the east is a hazard because they are shooting towards Interstate 15.  Interstate 15 is a heavily traveled highway.  I saw two males in possession of firearms.  As I approached the two males, one of the men, later identified as ZENDEJAS, attempted to conceal a black rifle he was carrying by placing it inside a vehicle.

    8.  I observed multiple rifles on the ground near the vehicle. The vehicle's driver side doors and the rear door were open.  All weapons were in plain view and outside of the vehicle.  ZENDEJAS stated he owned the vehicle.  ZENDEJAS told me he was on probation.  He also stated he was out on bail for a weapons charge.  ZENDEJAS told me he had previously come to this area many times to shoot recreationally.  The vehicle doors were open and I could see the butt-end of the rifle ZENDEJAS attempted to conceal.

    9.  ZENDEJAS could not provide identification.  I contacted U.S. Immigration and Custom Enforcement (ICE) regarding ZENDEJAS.  ICE was able to verify ZENDEJAS was a U.S. legal resident.  I conducted a criminal history on ZENDEJAS and this revealed he was a felon.

    10. I saw another male, later identified as SOTO-NAVA.  He did not speak English well so I spoke to him in Spanish.  SOTO-NAVA had a shirt coving his waistband and pockets.  I patted him down for weapons.  While doing so I felt a large unknown bulge in his front right pocket.

11. The bulge was a small black bag. I asked SOTO-NAVA if it contained methamphetamine and he acknowledged it did. I continued to search him and discovered a clear bag containing a white crystal type material. SOTO-NAVA acknowledged it was methamphetamine.

12. I advised SOTA-NAVA of his Miranda rights. I read the rights to SOTO-NAVA in Spanish. SOTO-NAVA agreed to speak to me. SOTO-NAVA told me he consumes methamphetamine. He also told me he was shooting the .22 pistol with the skull on the grips. SOTO-NAVA told me he was an undocumented immigrant. He came to the U.S. in 2005 or 2006. SOTO-NAVA told me all the weapons were inside the vehicle when he was picked up.

13. I contacted U.S. Immigration and Custom Enforcement (ICE) regarding SOTO-NAVA. ICE was unable to retrieve any record for him. A live scan was also conducted on SOTO-NAVA at San Bernardino County Sheriff Jail and no records were found

14. Along with the other male, there were two female passengers inside the vehicle. The vehicle was parked and they were sitting inside. I ordered them to come out. I interviewed both females. Esmeralda Orozco stated to me she and her female friend were invited by ZENDEJAS and SOTO-NAVA to go shoot firearms in the desert. She stated ZENDEJAS was driving the vehicle they came in. She stated ZENDEJAS was the one who transported the weapons.

15. Gloria Becerra stated ZENDEJAS and the SOTO-NAVA had invited them shooting. ZENDEJAS drove the vehicle in which they arrived to their location. At one point ZENDEJAS asked her if

4

she wanted to see a grenade. ZENDEJAS told her that he was going to shoot at it. She described the item and its location. I went to look at the device and believed it was an explosive device.

16. San Bernardino County Sheriff Office bomb squad was called and they confirmed it was an Auto Stem Explosive (a commercial explosive).

17. I discovered nine firearms. After a firearms check, two firearms were reported to be stolen.

**B.    ZENDEJAS's Criminal History**

18. On July 7, 2019, I reviewed ZENDEJAS's criminal history report. From the report, I know that ZENDEJAS has been convicted of the following felony offenses:

    a.    On or about October 11, 2007, ZENDEJAS was convicted of False Personation of Another, in violation of California Penal Code Section 529, in the Superior Court of California, County of San Bernardino, in case number FSB057051 For that conviction, ZENDEJAS was sentenced to 60 months of probation and 135 days imprisonment.

    b.    On or about December 1, 2008, ZENDEJAS was convicted of Driving Under the Influence of Alcohol and Drugs with Priors, in violation of California Health and Safety Code Section 23152(a), in the Superior Court of California, County of Orange, in case number 08CF3099. For that conviction, ZENDEJAS was sentenced to 16 months imprisonment.

    c.    On or about September 7, 2011, ZENDEJAS was convicted of Driving Under the Influence of Alcohol and Drugs

5

with Priors, in violation of California Health and Safety Code Section 23152(a), in the Superior Court of California, County of Orange, in case number 11CF0421.  For that conviction, ZENDEJAS was sentenced to 2 years imprisonment.

       d.   On or about February 5, 2019, ZENDEJAS was convicted of Transporting a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of California, County of Orange, in case number 17CF1570.  For that conviction, ZENDEJAS was sentenced to 36 months' probation and 30 days imprisonment.

    **C.   Interstate Nexus**

  19.  On July 7, 2019 I spoke to Firearms Interstate Nexus Expert Special Agent (SA) Paul Day regarding the recovered firearms. SA Day stated reviewed photographs of the firearms recovered during the arrest.  Based on the photographs of the Smith & Wesson M&p15-22, serial #DFH1063, SA determined it was not manufactured in California.  It was manufactured in Massachusetts.  Additionally, after reviewing photographs of the Ruger 10/22, serial # 23713424, SA Day determined the firearm was not manufactured in California, but instead in New Hampshire or North Carolina. SA Day determined the firearms traveled through interstate effecting interstate commerce.

///
///

## V. CONCLUSION

20. Based on the foregoing facts, there is probable cause to believe that ZENDEJAS and SOTO NAVA have committed a violation of 18 U.S.C. § 922(g): Prohibited Person in Possession of a Firearm.

NELSON BENAVIDEZ,
Law Enforcement Ranger
Bureau of Land Management
United States Department of
the Interior

Subscribed to and sworn before me this 8TH day of July, 2019.

UNITED STATES MAGISTRATE JUDGE